IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TAMMY PASTOR,

    Plaintiff,

v.                              C.A. No.:   1:21-cv-360

DAN WILLIAMS COMPANY, and
DAN WILLIAMS,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMMY PASTOR (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, DAN WILLIAMS COMPANY, and DAN WILLIAMS (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, DAN WILLIAMS COMPANY, has offices Travis County, Texas.

## THE PARTIES

4. Plaintiff, TAMMY PASTOR, is an individual residing in Lampasas County, Texas.

5. Plaintiff, TAMMY PASTOR, was employed by Defendants from August 19, 2019, until January 28, 2020, as a bookkeeper at the regular rate of $1,000.00 per workweek. Plaintiff's principle duties were to process human resources forms, process payroll tax forms, process payroll and garnishments.

6. Defendant, DAN WILLIAMS COMPANY, is a corporation existing under the laws of the State of Texas and maintains offices in Travis County, Texas.

7. Defendant, DAN WILLIAMS COMPANY, is a company that primarily operates a highway construction contracting business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, DAN WILLIAMS, is an individual residing in Travis County, Texas.

9. Defendant, DAN WILLIAMS, is an individual who at all times relevant

to this matter acted directly or indirectly in the interest of Defendant, DAN WILLIAMS COMPANY, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, DAN WILLIAMS, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, DAN WILLIAMS COMPANY, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, DAN WILLIAMS COMPANY, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, DAN WILLIAMS COMPANY, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant, DAN WILLIAMS COMPANY, specializes in heavy highway construction, including interstates and other interstate highways.

14. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to

Texas in interstate commerce.

15. Plaintiff's duties included the regular and recurring use of the instrumentalities of interstate commerce, *e.g*., banks, internet, email and telephone, to conduct her job duties. Specifically, Plaintiff regularly utilized the mail, internet and computers to conduct banking, tax, regulatory and other business related transactions.

16. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff occupied the position of bookkeeper and did not hold a position considered as exempt under the FLSA.

18. Defendants paid Plaintiff a salary for all hours worked in the workweek, including those hours in excess of 40 in a week.

19. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

20. Plaintiff was not paid for her overtime work in accordance with the FLSA.

21. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to

compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

22. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

23. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

24. In fact, Plaintiff worked numerous workweeks wherein she worked in excess of 55 hours in workweek. Plaintiff's regular schedule was from 6:00 a.m. until 3:00 p.m., Monday through Friday. However, Plaintiff worked numerous hours each workweek outside of this regular schedule, including nights and weekends.

25. Defendants' policy of not properly paying overtime is company-wide and was willful.

26. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

27. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

28. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, TAMMY PASTOR, demands Judgment against Defendants, jointly and severally, for the following:

   a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, TAMMY PASTOR, demands a jury trial on all issues so triable.

Respectfully submitted this April 23, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**